UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LYNETTE EDWARDS, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No.  SA-14-CV-588-XR |
| | § | |
| AMERICAN HEALTHWAYS | § | |
| SERVICES, LLC, AND HEALTHWAYS, | § | |
| INC., | § | |
| | § | |
| *Defendants*. | § | |

## ORDER

On this day the Court considered Defendant's Motion to Dismiss (docket no. 8).  For the following reasons, the Court GRANTS the motion.

## I.     BACKGROUND

Plaintiff Lynette Edwards is a registered nurse who was employed by Defendant American Healthways Services, LLC, ("AHS") as a call-center nurse from January 3, 2011 through July 28, 2013, when she was terminated by AHS.  AHS is a wholly owned subsidiary of Defendant Healthways, Inc.  Edwards has been a registered nurse since 1997.  She was diagnosed with bipolar disorder in 2005.  She began working as a call-center nurse at another company in 2006, eventually following a supervisor to AHS in 2011.  Edwards alleges her job duties at AHS were to perform engagement calls, to educate clients about AHS programs, and perform clinical advice calls, where she used her expertise as a registered nurse.  Her Equal Employment Opportunity Commission ("EEOC") and Texas Workforce Commission Civil Rights Division ("TWC") charge of discrimination (docket no. 8, ex. 1) alleges her performance at AHS was exemplary; she was given additional responsibility and above-average bonuses.  At

some point during her employment at AHS, Edwards informed Kellie Lewis, one of her supervisors at AHS, that she suffered from bipolar disorder.  Edwards does not allege Lewis or AHS had a negative reaction to this information.

In March 2013, AHS terminated the supervisor Edwards followed to AHS for unrelated reasons.  Edwards was upset by this and, after consultations with her doctor, took a medical leave due to her bipolar disorder under the Family Medical Leave Act ("FMLA"), 28 U.S.C § 2601 *et. seq.*  Edwards alleges that, upon her return from approximately two months of leave, AHS began to harass and mistreat her in a variety of ways, including moving her desk under a camera so she was monitored at all times, over-scrutinizing her client calls resulting in undeserved discipline, and her supervisor, Lewis, usied disparaging language about her age. Edwards further alleges in her EEOC and TWC charge that this treatment was common for the older nurses, especially those who took FMLA leave.   After the mistreatment continued, Edwards alleges she approached AHS Human Resources Director Cash Bradley to talk about the problems since returning from FMLA leave and her continued stress.  Following her discussion with Bradley, Edwards alleges she was disciplined on July 19, 2013, this time for hanging up on a client.  Edwards objected, leading to AHS indefinitely suspending her that same day.

While suspended, Edwards filed a charge of discrimination against AHS to the EEOC and the TWC on July 23, 2013 for violations of the Americans with Disabilities Act ("ADA"), and the Age Discrimination in Employment Act ("ADEA").   When filing the charge of discrimination, Edwards completed a standard EEOC form that also indicated TWC would receive it.  (Docket no. 8, Ex. 1).  On the form she checked boxes to complain of retaliation, discrimination based on age and disability, and "other."  She also wrote in that she believed AHS violated the Texas Labor Code and the FMLA.  Edwards alleges she was terminated immediately

after AHS received notice of the EEOC charge on July 28, 2013.  The EEOC was unable to conclude AHS violated any federal statutes.  It notified Edwards in a "Notice of Suit Rights" (the "EEOC Notice") on January 21, 2014.  Edwards does not recall when she received the EEOC Notice.  The EEOC Notice informed Edwards she had ninety days to pursue her claims in either state or federal court.  The TWC issued a similar notice after it could not find violations of the Texas Labor Code (the "TWC Notice"). Edwards received the TWC Notice on March 31, 2014. The TWC Notice informed Edwards she had sixty days from receipt to pursue her state claims in court.

Edwards filed her original state court petition (the "Original Petition") in the 224th Judicial District of Bexar County, Texas on May 23, 2014.  (Docket no. 1, Ex. 1).  The Original Petition stated Plaintiff's claims against Healthways, Inc., AHS's parent company.  It alleged discrimination based on age and disability, as well as retaliation for reporting the discrimination, all in violation of the Texas Labor Code.  The Original Petition states "Plaintiff's claim(s) arise solely under state law;" it never mentions federal law.  Healthways answered the Original Petition in state court and then timely removed the case to federal court based on diversity jurisdiction on July 2, 2014.  Edwards filed her first amended complaint on July 15, 2014. (Docket no. 3).  The amended complaint alleges claims under the ADA, ADEA, and FMLA, as well as the state law claims asserted in the Original Petition.  As a result of Healthways' Rule 7.1 disclosures (docket no. 4), Edwards filed her second amended complaint to re-state her claims against AHS instead of Healthways on July 28, 2014 (docket no. 5).  AHS filed this motion to dismiss Plaintiff's ADA and ADEA claims on September 29, 2014.  The motion to dismiss also seeks to dismiss Healthways as a defendant.  Plaintiff responded to the motion to dismiss on October 1, 2014.  (Docket no. 14).  AHS filed its reply on October 8, 2014.  (Docket no. 15).

After the court granted leave to file, Edwards filed her surreply on October 15, 2014.  (Docket no. 17).

## II.    JURISDICTION

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction.  *See* 28 U.S.C. § 1441(a).  Removal is proper in any case in which the federal court would have had original jurisdiction.  *Id.*  A federal court originally has subject matter jurisdiction over controversies involving disputes between citizens of different states where the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  Citizenship of the parties and amount in controversy are based on the facts as they existed at the time of removal.  *Louisiana v. Am. Nat. Prop. Cas. Co.*, 746 F.3d 633, 636 (5th Cir. 2014).  A federal court also has subject matter jurisdiction over controversies arising under the laws of the United States, or those involving federal questions.  28 U.S.C. § 1331.

Here, Healthways removed this case to federal court based on diversity jurisdiction.  A court only has diversity jurisdiction when the parties are completely diverse, i.e. when no plaintiff is a citizen of the same state as any defendant.  *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998).   Edwards is indisputably a citizen of Texas.  Healthways, Inc., the only Defendant at the time of removal, is a Delaware corporation with its principal place of business in Tennessee.  Edwards' Original Petition sought more than $100,000 in damages.  Accordingly, this Court had diversity jurisdiction at the time of removal and removal was proper.  Because Edwards amended the complaint to include the FMLA claim, the Court now has federal question jurisdiction as well.

### III.    LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim for relief must contain (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a).  In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed favorably to the plaintiff.  *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993).  To survive a 12(b)(6) motion, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Id.*

### IV.    ANALYSIS

#### A.  Healthways

The motion to dismiss first argues the Court should dismiss Defendant Healthways as a defendant because the second amended complaint does not state any claims against the corporation.  Edwards appeared to oppose Healthways' dismissal in her response to the motion to dismiss.  However, Plaintiff's counsel clarified in the surreply that Edwards does not oppose Healthways' dismissal "as long as this is not a tactic by Defendant to later claim they did not receive proper notice . . . ."  Accordingly, the Court grants the motion to dismiss with regard to Defendant Healthways.

#### B.  ADA and ADEA Claims

AHS argues that Edwards' ADA and ADEA claims should be dismissed because they are time-barred.  Before filing suit under the ADA or the ADEA, a plaintiff must exhaust administrative remedies by filing a charge with the EEOC.  *Jenkins v. City of San Antonio Fire Dep't*, 2014 WL 1492756, at *5 (W.D. Tex. 2014); 42 U.S.C. § 12117(a) (incorporating into the ADA the process laid out for Title VII claims in 42 U.S.C. § 2000e-5(e)(1)); 29 U.S.C. § 626(d) (requiring a charge with the EEOC before a civil action can commence).  Similarly, a claimant must file a complaint with the TWC before bringing her state law claim in state court. *Hoffmann-La Roche, Inc. v. Zeltwanger*, 144 S.W.3d 438, 446 (Tex. 2004).  Under the EEOC and TWC worksharing agreement, when a complainant like Edwards files a charge with one agency, it is considered filed with the other.  *Vielma v. Eureka Co.*, 218 F.3d 458, 462-63 (5th Cir. 2000) (discussing the agencies' worksharing agreement, interaction, and authority in detail).

Civil actions under the ADA and the ADEA must be brought within ninety days of the claimant's receipt of an EEOC "right-to-sue" letter.  *See* 42 U.S.C. § 12117(a) (incorporating into the ADA the limitations period set out for Title VII claims in 42 U.S.C. § 2000e-5(f)(1)); 29 U.S.C. §§ 626(e) (describing the same ninety-day filing period).[1]

The Supreme Court has held the ninety-day period for federal claims can be tolled when the "claimant has received inadequate notice, . . . motion for appointment of counsel is pending, . . . the court has led the plaintiff to believe that she had done everything required of her, . . . [or] affirmative misconduct on the part of a defendant lulled the plaintiff into inaction." *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151, 104 S. Ct. 1723, 1726 (1984) (internal citations

---

[1] Edwards cannot identify the date she received the EEOC Notice.  Though it is not exactly clear, the Fifth Circuit presumes receipt within three to seven days.  For a complete discussion of the date that receipt is presumed, see *Jenkins*, 2014 WL 1492756, at *5-*6 (discussing the leading Fifth Circuit cases, their analyses, and district courts' reactions to those cases).  Regardless of the rule in the Fifth Circuit, the date Edwards received the EEOC Notice is immaterial to this Court's decision because the Original Petition was not filed until well after the ninety-day window.

omitted).  The Fifth Circuit has also held a state lawsuit about the same subject-matter with the same relevant parties tolls the federal filing period if the state court properly had subject matter jurisdiction but was the wrong forum under state law.  *Nilsen v. City of Moss Point, Miss.*, 621 F.2d 117, 120 (5th Cir. 1980) (citing *Chappell v. Emco Machine Works Co.*, 601 F.2d 1295 (5th Cir. 1979)).

The EEOC sent the EEOC Notice on January 21, 2014.  Edwards is presumed to have received it sometime on or before January 28, 2014.[2]  Ninety days from then is April 29, 2014. Edwards does not assert any of the recognized tolling defenses above.  Instead, she argues the TWC Notice gave her an additional sixty days to file both her state claims under the Texas Labor Code and her asserted federal claims, citing *Nilsen*, 621 F.2d at 120, and *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996).

In *Nilsen*, the Fifth Circuit affirmed the district court's decision to deny a plaintiff the opportunity to amend her complaint to add parties not included in the EEOC charge.  Leave to amend to add two new federal causes of action was also denied.  *Nilsen*, 621 F.2d at 120-22. *Dao* cites *Nilsen* for the proposition that "a civil action must be commenced 'within ninety days' after the charging party has received a 'right-to-sue' letter from the EEOC *or state or local agency*."  *Dao*, 96 F.3d at 789 (quoting 42 U.S.C. § 2000e–5(f)(1) (emphasis added)).  Later, however, the Fifth Circuit declared this statement from *Dao*, which Edwards uses as the basis for her entire argument, was "simply incorrect," pure dicta.  *Vielma*, 218 F.3d at 467 ("First, section 2000e–5(f)(1) refers only to receipt of the EEOC letter as the triggering event.  Second, the case *Dao* cites, [*Nilsen*], concerned a plaintiff's failure to file her federal suit within ninety days of receipt of her EEOC letter.  None of the authority cited in *Dao* supports its statement that both federal and state/local 'right-to-sue' letters trigger the federal ninety-day filing period.").

---

[2] See footnote 2.

In *Taylor v. Bailey Tool Mfg. Co*, a plaintiff filed a state lawsuit alleging only Texas Labor Code claims within ninety days of receiving the EEOC right-to-sue letter.  744 F.3d 944, 945 (5th Cir. 2014).  The state claims were time-barred because they were not filed before the sixty-day state filing period expired.  *Id*.  When the plaintiff amended his complaint to include federal claims, the defendant removed the case, and then argued the time to assert the federal claims expired because the plaintiff filed the amended complaint more than ninety days after receiving the EEOC right-to-sue letter.  *Id.*  The Fifth Circuit affirmed the district court's dismissal because bringing the state statutory claims in state court did not stop the running of the federal filing period.  *Id.* at 946-47; *see also Clink v. Oregon Health & Sci. Univ*., 9 F.Supp.3d 1162 (D. Or. 2014) (holding a plaintiff's original complaint in state court with only state court claims filed within the ninety-day filing period after receiving the EEOC right-to-sue letter could not be amended to include federal claims after the federal ninety-day period expired).  The Court therefore concludes that Edwards' federal claims are time-barred because they were filed after the ninety-day filing period that ran from receipt of the EEOC Notice.  Filing state law claims in state court does not stop the federal limitations period from expiring.

Edwards counters this conclusion by arguing: 1) the addition of the ADA and ADEA statutes added no new claims; 2) the Court cannot bar her federal claims because she would have been entitled to them in state court, and 3) she has not filed a new lawsuit, but only amended her complaint to add federal claims that relate back to the properly brought state claims that remain pending.

First, Edwards' argument that the amended complaints do not assert new claims is incorrect.  In an apparent effort to avoid federal jurisdiction, the Original Petition brought claims that "arise solely under state law."  Edwards renounced her federal claims.  The Original Petition

does not assert any federal claims on its face, a fact only made more obvious by the first and second amended complaints.  The amended complaints change the titles of the counts from, for example, "Disability Discrimination and Retaliation under the Texas Labor Code" to "Disability Discrimination and Retaliation under the Texas Labor Code *and the Americans with Disabilities Act.*"  The Original Petition specifically avoided federal causes of action.  The second amended complaint specifically and intentionally includes ADA, ADEA, and FMLA claims.  Though the state and federal claims are similar and arise out of similar facts, they are distinct claims. Plaintiff's first contention is unconvincing.

Second, the Court would not be barring claims Edwards could have properly brought in state court, so she would not be, as Edwards argues, "deprived of substantial rights by removal to federal court."  *Great S. Life Ins. Co. v. Burwell*, 12 F.2d 244, 245 (5th Cir. 1926).  The above analysis regarding the filing period running from receipt of the EEOC right-to-sue notice for the federal claims applies when those claims are brought in state court as well.  State courts would have to dismiss those federal claims if filed in a state court complaint more than ninety days after the EEOC right-to-sue letter was received.

Third, Edwards contends the federal claims are proper because they relate back to the properly brought state claims.  In *Taylor*, the Fifth Circuit held when a plaintiff amends a complaint in state court the Texas relation back statute, TEX. CIV. PRAC. & REM. CODE § 16.068, applied rather than federal relation back rule, FED. R. CIV. P. 15(c)(1)(B).  744 F.3d at 946. Here, Edwards filed the first amended complaint in federal court, so Rule 15(c) no doubt applies.

If an amendment adds an otherwise time-barred claim, the barred claim is considered to have been filed at the date of the original complaint in the case, and thus "revived," if the amendment properly relates back to the allegations in that original complaint.  Rule 15(c)(1)(B)

states "an amendment to a pleading relates back to the date of the original pleading when the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."

Relation back does not revive the federal claims in this case for two reasons. First, claims can only be revived through an original complaint if they would have been timely when that original complaint was filed. *See Taylor*, 744 F.3d at 946. The Court's initial analysis above concludes that the federal claims would have been time-barred if filed on May 23, 2014 in the Original Petition. *See Mullen v. Sears, Roebuck, & Co.,* 887 F.2d 615, 617–18 (5th Cir. 1989) (holding that removal did not deprive a defendant of a limitations defense available at the time of removal); *O'Carolan v. Puryear*, 70 Fed. App'x. 751, 752 (5th Cir. 2003) (holding a claim time-barred in state court is also time-barred in federal court). Second, the Original Petition specifically disavowed the federal claims by stating the claims within it "arise solely under state law." The Original Petition here did the opposite of put AHS on notice that the federal claims might be brought; it assured AHS that Edwards would not be pursuing her already time-barred federal claims. *Contrast with Jones v. Greenspan*, 445 F. Supp. 2d 53, 57 (D.D.C 2006) (holding a plaintiff's addition of federal age discrimination claims after the filing period expired, when he had already filed other timely federal claims, was permitted because the complaint gave the defendant notice that the plaintiff planned to pursue all of the claims that he raised before the EEOC, "including, but not limited to, his claims of age discrimination"). Edwards' ADA and ADEA claims are therefore not revived by relation back.

Ultimately, the EEOC Notice triggered the ninety-day federal filing period for Edwards to bring her ADA and ADEA claims in either state or federal court. Because Edwards did not timely file any complaint in state or federal court to press her ADA and ADEA claims, or any

related federal claims, until after the ninety day federal statutory filing period elapsed, the ADA and ADEA claims are time-barred.  The Court therefore grants AHS's motion and dismisses the ADA and ADEA claims.  All of Edwards' other claims in the second amended complaint, including those under the Texas Labor Code and FMLA, remain pending.

## V.     CONCLUSION

For the above reasons, the Court GRANTS Defendant's motion to dismiss and:

1) DISMISSES Healthways, Inc. as a defendant in this case, and

2) DISMISSES WITH PREJUDICE Plaintiff's claims under the ADA and ADEA.

Plaintiff's FMLA and state law claims against Defendant American Healthways Servicing, LLC remain pending.

It is so ORDERED.

SIGNED this 29th day of October, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE